UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LILLA UMILA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:21-cv-144 |
| | ) |
| ROSE ACRE FARMS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Lilla Umila ("Umila" or "Plaintiff"), by counsel, brings this action against Defendant, Rose Acre Farms, Inc., ("Defendant"), alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et. seq.*, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq*.

**II. PARTIES**

2. Umila is a resident of Jefferson County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a domestic for-profit corporation that systematically conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 29 U.S.C. § 626 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b) and 42

U.S.C. §2000e(b).

6. Umila was an "employee" as that term is defined by 29 U.S.C. § 630(f) and 42 U.S.C. §2000e(f).

7. Umila satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on sex, age and retaliation. The EEOC issued Umila her Notice of Suit Rights, and Umila timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV.  **FACTUAL ALLEGATIONS**

9. Umila was hired by Defendant on or about May 14, 2019. Most recently, she worked for Defendant as a Quality Manager.

10. At all relevant times, Umila met or exceeded Defendant's legitimate performance expectations.

11. On or about July 31, 2019, Umila was sexually harassed by her supervisor, Blayne Delp ("Delp"). In an office, Delp pulled his chair close to Umila and placed his hand on her thigh. With his hand on her thigh, he commented in a sexually suggestive manner that he loved her passcode, which included the number "69," which is the year of her birth. Delp made Umila very uncomfortable, and she rejected his advance.

12. Umila then complained to the Complex Manager, Mike Hines ("Hines") about what Delp had done. Hines reacted with disgust at Umila for having reported Delp's behavior.

13. Umila continued to have to work under Delp and was subjected to increased scrutiny from Delp and Hines. Hines also made Umila leave the facility any time the Grader machine shut down, which resulted in a significant cut in Umila's hours.

14. In mid-June 2020, Umila was written up for the first time for alleged insubordination. A week later, she was written up a second time for alleged insubordination.

15. On or about June 20, 2020, Umila was terminated. Umila was not given any clear reason why her employment was terminated.

16. Similarly situated males, younger employees, and employees who have not complained about sexual harassment have not been terminated in similar circumstances.

17. Umila was replaced by a significantly younger male.

### V. CAUSES OF ACTION
### COUNT I: SEXUAL HARASSMENT

18. Umila hereby incorporates by reference paragraphs one (1) through seventeen (17) as if the same were set forth at length herein.

19. Umila was subject to unwelcomed sexual advances and a hostile work environment because of her sex.

20. Defendant was made aware of the sexual harassment but failed to take any remedial action.

21. Defendant's actions were intentional, willful and in reckless disregard of Umila's rights as protected by Title VII of the Civil Rights Act of 1964.

22. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT II: SEX DISCRIMINATION

23. Umila hereby incorporates by reference paragraphs one (1) through twenty-two (22) as if the same were set forth at length herein.

24. Defendant discriminated against Umila based on her sex.

25. Defendant's actions were intentional, willful and in reckless disregard of Umila's rights as protected by Title VII of the Civil Rights Act of 1964.

26. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT III: AGE DISCRIMINATION

27. Umila hereby incorporates by reference paragraphs one (1) through twenty-six (26) as if the same were set forth at length herein.

28. Defendant discriminated against Umila based on her age.

29. Defendant's actions were intentional, willful and in reckless disregard of Umila's rights as protected by the ADEA.

30. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## COUNT IV: RETALIATION

31. Paragraphs one (1) through thirty (30) of Umila's Complaint are hereby incorporated

32. Umila engaged in protected activity when she complained about the sexual harassment that she was experiencing.

33. Umila was retaliated against for engaging in protected activity.

34. Defendant's actions were intentional, willful and in reckless disregard of Umila's

legal rights.

35. Umila has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Lilla Umila, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Plaintiff of front pay in lieu thereof;

2. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her sex and/or age;

3. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Liquidated damages for Defendant's violations of the ADEA;

6. Compensatory damages for Defendant's violations of Title VII;

7. Punitive damages for Defendant's violations of Title VII;

8. All costs and attorney's fees incurred as a result of bringing this action;

9. Pre- and post-judgment interest on all sums recoverable; and

10. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

s/Andrew Dutkanych III

        Andrew Dutkanych III
        BIESECKER DUTKANYCH & MACER, LLC
        144 North Delaware Street
        Indianapolis, Indiana 46204
        Telephone: (317) 991-4765
        Facsimile: (812) 424-1005
        Email: ad@bdlegal.com
        *Counsel for Plaintiff, Lilla Umila*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Lilla Umila, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        s/Andrew Dutkanych III
        Andrew Dutkanych III
        BIESECKER DUTKANYCH & MACER, LLC
        144 North Delaware Street
        Indianapolis, Indiana 46204
        Telephone: (317) 991-4765
        Facsimile: (812) 424-1005
        Email: ad@bdlegal.com
        *Counsel for Plaintiff, Lilla Umila*